IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.    11-cv-01183-WJM-MJW

DARREN DEE GOLDSMITH, SR.,

Plaintiff(s),

v.

DOUG DARR, Adams County Sheriff,
CHRIS LAWS, Tech. Services Administrator,
S. FULLER, Programs Coordinator,
DEPUTY "JOHN DOE",
DR.  GARIC,
NURSE KIM McKENNA, All Parties, Partners, Contractors, Subcontractors, Known, and
Unknown Partners, Successors, Heirs, Assigns, LLC, John Doe and Jane Doe ("Doe")
Whose True Identities are Unknown,

Defendant(s).

---

## RECOMMENDATION THAT ACTION BE DISMISSED
## BASED UPON THE PLAINTIFF'S FAILURE TO APPEAR, FAILURE TO
## PROSECUTE, FAILURE TO COMPLY WITH COURT ORDERS, AND FAILURE TO
## SERVE SOME OF THE DEFENDANTS

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case issued by

District Judge William J. Martinez on November 22, 2011.  (Docket No. 31).

In an Order Setting Scheduling/Planning Conference filed on December 29, 2011

(Docket No. 35), this court set a Rule 16 Scheduling/Planning Conference for February

28, 2012, at 9:30 a.m.  In that Order, this court directed the parties to hold a pre-

scheduling conference meeting and prepare a proposed Scheduling Order, which was

to be submitted to the court no later than five days prior to the conference.  In addition,

the parties were directed to submit a brief Confidential Settlement Statement to this

2

court no later than five days before the conference.

However, in a Minute Order entered on February 13, 2012 (Docket No. 46), this court granted Dr. Ivor Garlick's (Misnamed "Garic") Motion to Stay the Scheduling Order Entered November 30, 2011 Until the February 28, 2012 Conference (Docket No. 43), but the court vacated the Scheduling Conference and converted it to a Status Conference to be held on the same date and time, February 28, 2012, at 9:30 a.m., in Courtroom A-502, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado, 80294.  Dr. Garlick stated in his motion that the plaintiff's whereabouts were unknown, noting that plaintiff was no longer located at his address of record, the Adams County Detention Facility ("ACDF"), and defense counsel's attempts to reach plaintiff at the forwarding address provided by the ACDF (5601 Federal Blvd., Apartment B21, Unknown City - which defense counsel believes might be Denver, Colorado) have been without success.

The court notes that numerous mailings from the court to the plaintiff at the ACDF have been returned as undeliverable.  (See Docket Nos. 37, 38, 42, 47, 48). Plaintiff has not complied with D.C.COLO.LCivR 10.1(M) which requires a party to provide notice of any change of address within five days.

In addition, the court notes that some of the defendants (Kim McKenna, John Doe, and Jane Doe) have not yet been served.

Plaintiff did not appear at the February 28 hearing as directed.  Defense counsel appeared in person.  Consequently, this court issued an Order to Show Cause (Docket No. 50) in which a Show Cause Hearing was set for March 23, 2012, at 10:30 a.m. at which the plaintiff was directed to appear in person and show cause why this case

should not be dismissed pursuant to Fed. R. Civ. P. 4(m), 16(f), and/or 41(b) and

D.C.COLO.LCivR 41.1 based upon his failure to appear, failure to prosecute, failure to

serve some of the defendants, and failure to comply with court orders and why other

sanctions should not be imposed, including imposition of the defendants' attorney fees

and costs and a finding and order of contempt.  Both defense counsel were permitted to

appear by telephone.

Once again, however, on March 23, plaintiff failed to appear as directed.  The

weather was sunny and clear at the time of the hearing, and the court waited to start the

hearing to give the plaintiff additional time to appear, but he failed to do so.  Defense

counsel both appeared by telephone as directed.

It appears that the plaintiff has abandoned this matter.  He has not provided the

court with a change of address, has failed to appear for proceedings as directed, and

has not contacted defense counsel or the court in any manner concerning this case.

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

If the plaintiff fails to prosecute or to comply with these rules or a
court order, a defendant may move to dismiss the action or any claim
against it.  Unless the dismissal order states otherwise, a dismissal under
this subdivision (b) and any dismissal not under this rule–except one for
lack of jurisdiction, improper venue, or failure to join a party under Rule
19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

In addition, Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant

part:

If a defendant is not served within 120 days after the complaint is filed, the
court–on motion or on its own after notice to the plaintiff–must dismiss the
action without prejudice against that defendant or order that service be
made within a specified time.  But if the plaintiff shows good cause for the

4

> failure, the court must extend the time for service for an appropriate
> period.  This subdivision (m) does not apply to service in a foreign country
> under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own,

the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-

(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial

conference . . . . or (C) fails to obey a scheduling or other pretrial order."  Fed. R. Civ. P.

16(f).  Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following

sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing
> designated claims or defenses, or from introducing designated
> matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) **dismissing the action or proceeding in whole or in part**;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) **treating as contempt of court the failure to obey any order**
> except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added).  Rule 16(f)(2) further provides that

"[i]nstead of or in addition to any other sanction, the court must order the party, its

attorney, or both to pay the reasonable expenses–including attorney's fees–incurred

because of any noncompliance with this rule, unless the noncompliance was

substantially justified or other circumstances make an aware of expenses unjust."  Fed.

R. Civ. P. 16(f)(2).

Finally, Local Rule 41.1 provides:

5

A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Based upon the foregoing, it is hereby

**RECOMMENDED** that this case be dismissed pursuant to Fed. R. Civ. P. 4(m), 16(f), and/or 41(b) and D.C.COLO.LCivR 41.1 based upon the plaintiff's failure to appear, failure to prosecute, failure to serve some of the defendants, and failure to comply with court orders.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:  March 23, 2012                    s/ Michael J. Watanabe
        Denver, Colorado                  Michael J. Watanabe
                                          United States Magistrate Judge